United States District Court
Southern District of Texas
**ENTERED**
August 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARYL JEROME ROBINSON, (TDCJ #01401766), | § | |
| *Petitioner*, | § | |
| vs. | § | CIVIL ACTION NO. H-26-6942 |
| ERIC GUERRERO, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Daryl Jerome Robinson, (TDCJ #01401766), is currently incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2006 conviction for murder. (Dkt. 1). He has also filed a motion seeking leave to proceed in forma pauperis, together with a certified copy of his inmate trust fund account statement. (Dkts. 2, 3). After considering the petition, all matters of record, and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the Court dismisses his petition for the reasons explained below.

## I. BACKGROUND

Publicly available records show that a jury convicted Robinson in October 2006 of one count of murder with a deadly weapon in Harris County Cause Number 1051591. *See* Harris County District Clerk, available at www.hcdistrictclerk.com (last visited Aug. 24, 2026). He was sentenced to forty years in prison. *Id.* In his current federal habeas petition, Robinson challenges that conviction, alleging multiple claims of ineffective assistance of trial counsel. (Dkt. 1, pp. 5-10). He seeks reversal of his conviction and sentence and remand for a new trial. (*Id.* at 15).

Robinson admits that he previously filed a federal habeas petition attacking the same conviction and sentence. (*Id.* at 12). And the Court's records show that Robinson filed a petition in 2013 challenging the conviction in Cause Number 1051591 and raising similar claims of ineffective assistance of trial counsel. *See Robinson v. Stephens*, No. 4:13-cv-3091 (S.D. Tex. June 10, 2014). That petition was dismissed on the merits. *Id.* at Dkts. 17, 18. The Fifth Circuit considered Robinson's appeal and denied relief. *See Robinson v Stephens*, Appeal No. 14-20528 (5th Cir. Mar. 23, 2015). Robinson's petition for writ of certiorari in the United States Supreme Court was denied. *See Robinson v Stephens*, 136 S. Ct. 216 (2015).

Robinson filed a second federal petition in December 2024, again challenging his conviction and sentence in Cause Number 1051591. *See Robinson v. Lumpkin*,

No. 4:24-cv-5148 (S.D. Tex. Jan. 7, 2025). That petition was dismissed as a second or successive petition, and Robinson was advised that authorization from the Fifth Circuit was required before the district court could entertain a second or successive petition. *Id.* at Dkt 5, pp. 1–2. Nevertheless, Robinson has filed his current petition, again challenging the conviction and sentence in Cause Number 1051591. (Dkt. 1).

## II. DISCUSSION

Robinson's petition for federal habeas corpus relief is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254; *see also Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). "Under AEDPA, a state prisoner always gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*, 590 U.S. 504, 509 (2020) (citing *Magwood v. Patterson*, 561 U.S. 320, 333-34 (2010)). However, to file a second or successive petition, the petitioner "must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies [AEDPA]'s gatekeeping requirements." *Id.* A prisoner may not bring claims "presented in a prior application," 28 U.S.C. § 2244(b)(1), and "may bring a new claim only . . . if [the petition] relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." *Banister*, 590 U.S. at 509 (citing 28 U.S.C. § 2244(b)(2)). A district court cannot consider any claim, even a new one, in a second or successive petition

without an order from the court of appeals authorizing the district court to do so. *See* § 2244(b)(3)(A). Absent such authorization, the action must be dismissed for lack of jurisdiction.

Because Robinson has challenged this same conviction in a previous federal habeas corpus petition and because the issues he raises could have been raised in his prior petition, his current petition is successive under 28 U.S.C. § 2244(b), and he must seek authorization from the Fifth Circuit before this Court may consider it. *See* 28 U.S.C. § 2244(b)(3)(A). This Court has no record of an order from the Fifth Circuit authorizing Robinson to file a successive petition, and Robinson has not alerted the Court to the existence of such an order. Because Robinson has not obtained such authorization, his petition is dismissed as successive.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. To be entitled to a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

Because Robinson has not shown that reasonable jurists would find the Court's resolution of the constitutional issues debatable or wrong, this Court will not issue a certificate of appealability.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Robinson's motion to proceed *in forma pauperis*, (Dkt. 2), is **GRANTED.**

2. Robinson's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED without prejudice** as successive.

3. Any other pending motions are **DENIED as moot.**

4. A certificate of appealability is **DENIED**.

The Clerk shall also send a copy of this Order to the petitioner.

SIGNED at Houston, Texas, on Aug 25, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE